UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN SHECKLER, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 4:11-cv-006-RLY-DML |
| ) | |
| SCOTT COUNTY MEMORIAL ) | |
| HOSPITAL FOUNDATION, INC., ) | |
|     Defendant. ) | |

**ENTRY ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, John Sheckler ("Plaintiff"), is the former Public Relations Manager of defendant, Scott County Memorial Hospital Foundation, Inc. ("Scott Memorial" or the "Hospital"), who was terminated from his employment for failing a drug screen test per the Hospital's zero-tolerance "Drug/Alcohol Free Workplace" Policy ("Drug-Free Policy"). Following his termination, Plaintiff, an insulin-dependent diabetic who is over the age of forty, filed a Complaint alleging that Scott Memorial discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(5)(A), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. All other facts necessary to this opinion are discussed below.

Both parties now move for summary judgment. For the reasons set forth below, Scott Memorial's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

1

## I. Factual Background

In November 2009, two of Plaintiff's co-workers, Melissa Sutton ("Sutton") and Neva Randolph ("Randolph"), informed Scott Memorial's Human Resources Manager, Katy Hutchinson ("Hutchinson"), that Plaintiff's work performance was suffering and that he was acting strangely; Sutton even reported that "maybe he is on drugs or something." (Affidavit of Neva Randolph ¶ 10; Affidavit of Melissa Sutton ¶ 14). On November 19, 2009, Hutchinson reported that information to Clifford Nay ("Nay"), Scott Memorial's President and CEO. (Affidavit of Clifford Nay ("Nay Aff.") ¶ 8).

Nay called Sheckler and informed him that the Hospital was concerned that Sheckler may be taking, or had taken, an illegal substance, and asked Sheckler to submit to a drug screen or test, pursuant to Scott Memorial's zero-tolerance Drug-Free Policy. (*Id.* ¶ 9; *see also id.*, Ex. 1). The Drug-Free Policy provides that a supervisor may order a drug screen test if he or she has reasonable suspicion based upon objective observations of the employee's actions, including poor job performance or impairment of physical or mental ability. (*Id.*, Ex. 1 at 2). A positive test result is grounds for immediate termination. *Id.* ("Testing positive for illegal drugs is a violation of this policy and the team member will be terminated from employment."). Plaintiff agreed to take the drug test and signed a written consent form. (Defendant's Ex. G).

Nay then asked Paul Pierce ("Pierce"), Scott Memorial's former Lab Director, to come to the administration board room, so that the drug screen could be administered and the proper chain of custody followed. (*Id.* ¶ 10; *see also* Affidavit of Paul Pierce ("Pierce

Aff.") ¶¶ 2-7). Before the drug test was administered, Plaintiff announced that the test would probably be positive for marijuana or THC. (Nay Aff. ¶ 12; Pierce Aff. ¶ 8). Plaintiff does not deny making this statement, but claims that he thought he would test positive "because [he] took drugs that will show positive for marijuana and because [he's] occasionally around secondhand smoke." (Deposition of John Sheckler ("Plaintiff Dep.") at 35).

With Nay present, Plaintiff generated a urine sample in a nearby restroom. (Nay Aff. ¶ 14). After Plaintiff generated the sample, he handed the collection cup to Nay so that he could wash his hands. (*Id*. ¶ 15). Nay then handed the collection cup to Plaintiff, and exited the restroom. (*Id*. ¶ 17). Plaintiff handed the urine sample to Pierce, who immediately sealed the sample and completed the Chain of Custody papers. (Pierce Aff. ¶ 10). Plaintiff signed the Chain of Custody form. (Nay Aff., Ex. 3).

Pursuant to the Hospital's Drug-Free Policy, Plaintiff was suspended pending the results of the drug screen. (*Id*. ¶ 20).

Subsequently, Plaintiff tested positive for Cannabinoid, or marijuana. (*Id*., Ex. 5). The results of the test were confirmed by an outside medical review officer. (*Id*. ¶ 21 and Ex. 6).

On November 25, 2009, Scott Memorial terminated Plaintiff's employment pursuant to its zero tolerance Drug-Free Policy. (*Id*. ¶ 22).

All other facts necessary to the disposition of this case are addressed below.

## II. Discussion

Plaintiff brings two claims under the ADA: failure to accommodate and disparate treatment. A prima facie case of "failure to accommodate" disability discrimination requires a plaintiff to show that: (1) he is a qualified individual with a disability; (2) the employer was aware of the disability; (3) the employer failed to reasonably accommodate the disability. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545 (7th Cir. 2008). A prima facie case of disability discrimination requires a plaintiff to show that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job with or without a reasonable accommodation; and (3) he suffered an adverse employment decision because of the disability. *Dvorak v. Mostardi Platt Assoc., Inc.*, 289 F.3d 479, 483 (7th Cir. 2002).

Plaintiff claims his disability arises from a broken neck he suffered on December 1, 2005, a hip replacement that occurred in July of 2009, and his diagnosis of diabetes, which he received approximately ten years ago. (Defendant's Ex. M ¶ 15). In his deposition, Plaintiff admitted that his neck injury did not prevent him from doing his job responsibilities at Scott Memorial, that he was not placed on any restrictions after having his hip replacement, and that he was under no work-related restrictions attendant to his diabetes. (Plaintiff Dep. at 21-26). In fact, in Plaintiff's Response, he fails to even acknowledge his alleged disabilities, much less argue that he suffered from a substantial impairment that limited a major life activity requiring a work-related accommodation. Instead, he argues that Scott Memorial did not have reasonable suspicion that Plaintiff

4

was under the influence of drugs to necessitate a drug test, as required by the Drug-Free Policy. He also argues that his urine sample was defective because the chain of custody was not complete. In essence, Plaintiff maintains that Nay – who briefly held the specimen cup to allow Plaintiff to wash his hands after urinating – needed to, but did not, sign the chain of custody.

A plaintiff moving for or opposing summary judgment cannot skip over the prima facie case and attack the reasons behind an employer's decision to terminate his or her employment and expect to defeat a defendant's motion for summary judgment or, as in this case, prevail as a matter of law. Instead, a plaintiff must first establish a prima facie case of discrimination with specific citations to the evidence. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Because Plaintiff fails to establish the most basic element of his ADA claims – that he is disabled as defined by the ADA – his ADA claims must be dismissed for a complete failure of proof.

Moreover, Plaintiff's pretext argument misses the mark. The pretext inquiry focuses on the reasons behind an employer's decision to take an adverse action against an employee, and its only relevance is to determine whether the employer honestly believed the reason it gave, or whether the reason was a cover for discrimination. An employer cannot be found liable for violating the anti-discrimination laws for simply making an ill-informed decision. *See Burns v. Interparking, Inc*. 24 Fed.Appx. 544, 549-50 (7th Cir. 2001) ("The fact that [defendant's] investigation may have been 'imprudent, ill-informed [or] inaccurate is of no moment; [plaintiff's] misconduct is the reason [defendant] gave

5

for firing him, and [plaintiff] has presented no evidence that the reason was a lie."); *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir. 1992) ("[T]he issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers."). Thus, even if, as Plaintiff suggests, Sutton's and Randolph's observations were too speculative to form the degree of reasonable suspicion required to apply the Drug-Free Policy to Plaintiff, and, even if there was an issue with the chain of custody, Scott Memorial terminated Plaintiff for a legitimate, non-discriminatory reason – he failed the drug screen. There is no evidence to the contrary. Accordingly, Scott Memorial's decision to terminate Plaintiff did not violate the ADA.

There is yet another reason to dismiss Plaintiff's ADA claims: Plaintiff never advised Nay nor anyone else at Scott Memorial that he believed he was disabled nor in need of an accommodation. (Nay Aff. ¶¶ 23-24; Sutton Aff. ¶ 16; Randolph Aff. ¶¶ 12-14; Pierce Aff. ¶ 11-12). Accordingly, Scott Memorial could not have based its decision to terminate his employment due to an alleged disability of which it was unaware. *See Hedberg v. Indiana Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) (recognizing that "an employer cannot be liable under the ADA for firing an employee when it indisputably had no knowledge of the disability").

Plaintiff also brings a claim for age discrimination. Scott Memorial argues that Plaintiff's claim is barred because he failed to exhaust his administrative remedies in two ways: (1) he failed to file a charge with the Equal Employment Opportunity Commission

within 180 days after the alleged discriminatory act occurred, 29 U.S.C. § 626(d)(1)(A); and (2) his claim was not within the scope of the EEOC charge he eventually did file. Like his ADA claims, Plaintiff wholly failed to discuss his age discrimination claim or explain why Scott Memorial's arguments lacked merit. Having reviewed the evidence in this case, the court finds Plaintiff's age discrimination claim must be dismissed for the reasons addressed by Scott Memorial.

## III. Conclusion

For the reasons set forth above, Scott Memorial's Motion for Summary Judgment (Docket # 37) must be **GRANTED** and Plaintiff's Motion for Summary Judgment (Docket # 44) must be **DENIED**.

**SO ORDERED** this 25th day of June 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Ralph Edward Randall
HAYS & RANDALL
r.randall@c3bb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com